## 34233. JOHNSON v. GOODING.

HILL, Justice.

The appellant, John Wayne Johnson, was sentenced by the Lincoln County Superior Court to serve seven concurrent 20-year sentences based upon guilty pleas to charges of arson. The last 10 years of those sentences were to be served on probation. In October 1974, while serving the probated portion of his arson sentences, Johnson was charged with burglary. Following a hearing, the superior court revoked his probation and he was returned to prison.

During the spring of 1975, Johnson was brought to Lincoln County for burglary trial and on May 1 a jury convicted him of that crime. The trial judge orally pronounced sentence of eight years (five years to be served in confinement and three on probation) "to run *consecutive* to any other sentence or sentences that may now be imposed upon you. . ." (Emphasis supplied.) However, the written judgment signed and filed the same day, May 1, 1975, was on a form which provided for the sentence to be computed "from this date" thus making it *concurrent* to the other sentences. Johnson was returned to prison and received a record sheet from the prison authorities showing that he was then serving the burglary sentence concurrently with the arson sentences.

Prior to his burglary conviction, Johnson had filed a pro se habeas corpus petition. While working on that matter, the district attorney noticed the discrepancy between the oral and written sentences on the burglary conviction. On the district attorney's motion, the trial judge amended the written burglary sentence to make it consecutive so as to conform it to his oral pronouncement. This was done on June 16, 1975, during the same term of court as that in which the original sentence was entered.

Johnson then filed this application for habeas corpus, contending that the trial court's action had modified and increased his sentence after he had commenced its execution in violation of the double jeopardy and due process clauses of the Constitutions of the United States and the State of Georgia.

In *Hopper v. Williams,* 238 Ga. 612 (234 SE2d 525) (1977), we held that where the trial judge's oral

pronouncement of sentence, as shown by the guilty plea transcript, did not provide for probation, but the preprinted probation provision on the sentencing form was, by neglect, not stricken, the error could be corrected and the probation provision could be stricken after two and a half years. Johnson urges that *Hopper v. Williams* is distinguishable in that here Johnson had commenced serving his sentence. We disagree. The petitioner in *Hopper v. Williams* had commenced service of his sentences; i.e., he had served at least one year of his six-year felony sentences (the one-year concurrent sentences had been served *concurrently* with the six-year concurrent sentences, 238 Ga. at 613).

Johnson cites numerous cases, including *Rutland v. State,* 14 Ga. App. 746, 752 (82 SE 293) (1914), where the court stated the rule as follows: " 'As a general rule, if the defendant has executed or entered upon the execution of a valid sentence, such sentence can not be set aside and a new or different one imposed, even at the same term. . .' " (Citations omitted.) In that case, however, although the trial judge stated that the amendment was entered in order to correct the sentence to the true sentence which he had orally pronounced, there was no transcript of the oral pronouncement of sentence and the appellate court held that the alleged error could not be shown by extraneous evidence. Because of this, the Court of Appeals ruled that the attempted amendment was void, holding that although an error shown by the evidence of record could be corrected, it was not "within the power of the court to amend a sentence in a criminal case by reference to the oral testimony of witnesses." *Rutland v. State,* supra, at p. 751. But while ruling that amended sentence void for lack of probative evidence of the error, the court recognized the exception to the stated rule, namely: "The power of amending records so as to make them speak the truth is of course inherent in all courts of record. . ." *Rutland v. State,* supra, at p. 750. Likewise the court noted with approval that "In an Alabama case (Ex parte State [In re Newton], 94 Ala. 433, 10 South. 549), it was held that the power of the court to modify its judgment, *except for the correction of clerical misprisions,* or to amend nunc pro tunc for the purpose of making the record speak the truth, ceased at

the expiration of the term." *Rutland v. State,* supra, at p. 753. (Emphasis supplied.)

Johnson also relies on three other Georgia cases, all of which are distinguishable. In *Inman v. State,* 124 Ga. App. 190 (183 SE2d 413) (1971), no clerical error was involved; the trial judge simply changed his mind and increased the severity of the sentence. In *Carrindine v. Ricketts,* 236 Ga. 283, 290 (223 SE2d 627) (1976), there was no clerical error being corrected. Likewise, in *England v. Newton,* 238 Ga. 534 (233 SE2d 787) (1977), there was an increase in sentence but it was not made to correct a clerical error.

The salient factor in those three cases is that in each case the record showed that the amended sentence *increased the intended original* sentence. Here the record shows, without dispute, that the amended sentence is *identical to the intended original* sentence. Here the amended sentence is corrected to the oral pronouncement of the trial court and to the defendant's original understanding of his sentence. In short, this case involves not an increase of sentence but merely a correction to make the sentence speak the truth. That such a correction is within the power of the court is undisputed. *Gobles v. Hayes,* 194 Ga. 297 (1) (21 SE2d 624) (1942). Appellant's argument that this power to correct errors is abrogated once a defendant begins to serve a sentence is unsupported by federal or state cases, and is contrary to reason[1] as well as our holding in *Hopper v. Williams,* supra.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1978 — DECIDED JANUARY 4, 1979.

*James C. Bonner, Jr.,* for appellant.

---

[1]The trial court noted and Johnson's attorney agreed that under Johnson's theory the inadvertent omission of a zero on the written judgment imposing a 20-year sentence, discovered 10 minutes after filing, would irremediably reduce the sentence to 2 years.

*Robert C. Daniel, Arthur K. Bolton, Attorney General,* for appellee.