## 40000. STRONG v. THE STATE.

CLARKE, Justice.

The appellant, Laverne Strong, was convicted of felony murder in the death of her common law husband, Johnny Lamar, and sentenced to life in prison. The only enumeration of error is that the evidence is insufficient to support the verdict. We affirm.

Ms. Strong and her nephew arrived at the home she shared with Lamar at approximately 5:00 a.m. on November 26, 1981. The nephew, who testified for the state, got out of the vehicle and was standing outside when his aunt entered the back door of the house. He stated that he heard her scream a few seconds after she went inside. He followed her inside and saw the victim standing near the bedroom bleeding. He left to call for help. Ms. Strong went to a neighbor's home and an ambulance was called from there.

When Deputy Scott from the Tift County Sheriff's Department arrived at the scene, the emergency medical unit was working on Lamar. He observed the victim lying at the back door dressed in underwear soaked in blood. The victim was placed in the ambulance where emergency medical aid was administered. Deputy Scott had been to the home of these parties approximately one month prior to this incident in response to a domestic disturbance call. He testified that at that time he observed a butcher knife and that Ms. Strong told him that if Mr. Lamar did not start treating her right she was going to kill him, although there was no physical violence on that day.

Scott testified that when he arrived and saw the victim he asked bystanders if anyone knew what happened, that he was approached by Ms. Strong, and that he asked her to sit in the police vehicle. Scott then asked Ms. Strong what had happened. She told him that as she walked into the house Lamar jumped her with a knife, cutting her hand and that she got the knife away and cut him. Scott testified there was a small cut on the left hand. Ms. Strong was then driven to the jail and arrested pending the condition of the victim.

Investigators at the scene of the incident found a knife with blood on it, a steel afro pick and several other knives on the coffee table. It was later established that the cause of death was a knife wound on Lamar's right arm which had severed an artery. Blood samples taken were of type O and type A. The victim was blood type O.

Ms. Strong gave a statement to investigators at the jail on the morning of her arrest. She stated that when she walked into the house Lamar confronted her as to where she had been and she told him she had been with Simon, her nephew. He then called her a liar, and struck her hand with a knife. She stated that she picked up a knife

from the coffee table and slashed out at him. She also stated she and Simon had been shelling peas and she had consumed one beer. A toximeter test was then ordered by investigators which showed a blood alcohol content of .05.

After Detective Brannen had gotten the test results and interviewed the nephew, Simon, and others, he returned to talk to Ms. Strong. She gave another statement in which she admitted she had drunk more than one beer. She explained the discrepancy by saying she was under doctor's orders not to drink liquor and she was afraid of being found out. The detective asked her if the weapon she claimed Lamar attacked her with could have been an afro pick. She said that it could have been because it was dark and she could not really see.

At trial Dr. Howard of the state crime laboratory testified that the victim had a stab wound in his right arm which caused the death, a slash wound in the left arm and a smaller cut on the forearm. In his opinion the wounds indicated that the deceased had assumed a defensive position to fend off the knife.

The state also presented evidence that Ms. Strong had threatened Lamar on prior occasions and on one occasion with a knife.

The defense presented witnesses to testify as to her good character and there was testimony of brutality inflicted upon her by the victim including a broken jaw. There was also expert testimony on the battered woman syndrome.

Ms. Strong testified that Lamar jumped at her and began striking at her and she screamed and backed up and picked up one of the knives to protect herself. She stated that she did not mean to kill him and did not even know that she had managed to cut him until he told her. When she realized he was hurt she ran for help.

The jury was charged on malice murder, felony murder based upon an aggravated assault, and voluntary manslaughter. The jury found Ms. Strong guilty of felony murder.

On appeal she contends that the evidence is insufficient because there was no showing of malice or intent to kill. The verdict of the jury was felony murder. The law provides: "A person also commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice." OCGA § 16-5-1(c) (Code Ann. § 26-1101). Aggravated assault, assault with a deadly weapon, upon the homicide victim can support a finding of felony murder. *Sutton v. State,* 245 Ga. 192 (264 SE2d 184) (1980).

The evidence was sufficient to enable a reasonable trier of fact to conclude that the crime of felony murder was established beyond a reasonable doubt.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1983.

Perry & Perry, David E. Perry, for appellant.

Thomas H. Pittman, District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General, for appellee.