A92A0779. FREEMAN v. THE STATE.
(422 SE2d 229)

COOPER, Judge.

Appellant was convicted of cruelty to children and the rape and aggravated child molestation of his 11-year-old daughter and appeals the trial court's denial of his motion for new trial. In his sole enumeration of error, appellant argues that the trial court erred in denying his motions for mistrial which were asserted after witnesses for the prosecution testified regarding similar transactions.

Appellant was indicted, in part, for inflicting excessive physical pain on the victim by whipping her with an extension cord. At trial, one of the victim's teachers recounted her first discussion with the victim regarding her father's alleged abuse. The teacher asked the victim to repeat her story for a second teacher. The prosecutor asked the victim's teacher, "once [the second teacher] arrived did you have any further discussion with [the victim] about it?" The teacher replied, "Yes. The two of us talked with [the victim], and I asked [the victim] to repeat what she had told me to [the second teacher]; and she did. And I asked her what they punished her with, and she said switches, their hands, and extension cords." The trial court denied appellant's motion for mistrial on the grounds that the testimony constituted evidence of similar transactions not alleged in the indictment and that the State failed to notify appellant of its intention to introduce such testimony. However, the court gave curative instructions to the jury to disregard any statement regarding switches and to give it no consideration. The court then polled the jury to determine whether the jury could follow the court's instructions, and the jury unanimously indicated it could.

The indictment accused appellant of committing one specific act

of rape, cruelty to children and aggravated child molestation between certain dates. Later in the trial, a police officer who met with the victim was asked what the victim told him about physical and sexual abuse. The officer answered, "We spoke at length about it. Among some of the several things that she said, she said that her father had been sexually abusing her and physically abusing her since she was age nine." The trial court again denied appellant's motion for mistrial and gave curative instructions to the jury to disregard the question and the answer and to "wipe it out of your minds as if it had never occurred." The jury was polled and the motion was renewed. Ruling on the motion, the trial court agreed with appellant that the testimony erroneously injected other incidents into the case but ultimately concluded that the prosecutor did not intentionally elicit the testimony and that the error was not fatal. On appeal, appellant argues that the testimony regarding switches and long-term sexual abuse unduly prejudiced the jury and that the cumulative effect of the evidence abridged his right to a fair trial.

"Where a witness voluntarily injects into the trial improper and prejudicial matters, whether a mistrial must be granted or whether the effect can be corrected by instructions to the jury is a matter within the discretion of the trial court. [Cit.] 'The trial court's ruling will not be disturbed on appeal absent an abuse of discretion, which does not exist if the curative instructions given can serve to prevent the alleged harmful testimony from having any prejudicial impact. . . .' [Cit.] In this case we conclude the curative instructions were sufficient to prevent the testimony from having a prejudicial impact and, therefore, the trial court did not err in denying [appellant's] motions for mistrial." *Hicks v. State*, 196 Ga. App. 25, 26 (2) (395 SE2d 249) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Richard L. Dickson, Russell C. Gabriel,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.