## A93A2254. ROGERS v. THE STATE.
(438 SE2d 140)

JOHNSON, Judge.

Cameron Rogers appeals from his conviction of armed robbery.

1. Rogers contends that the trial court erred in denying his motion for a mistrial after a police officer testified about a statement made by Rogers' co-defendant. The officer testified, "After we got the suspect from under the house, they was asking him about the gun. He claimed he throwed the gun in the woods." Rogers argues that the court erred in denying his motion for a mistrial because the statement was not provided to him before trial as required by OCGA § 17-7-210 and the court failed to hold a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), to determine the voluntariness of the statement. Rogers' reliance on OCGA § 17-7-210 and *Jackson v. Denno* is misplaced because those authorities expressly apply only to a defendant's own statement. Here, Rogers did not make the statement in question; rather, it was made by Rogers' co-defendant. The authorities cited by Rogers are applicable to the

co-defendant's challenge to the admission into evidence of his own statement, but they are inapplicable to Rogers' challenge to its admissibility. Rogers has no standing to assert and rely on his co-defendant's rights.

Rogers further objects that the court erred in denying his motion for a mistrial because under OCGA § 24-3-52 the confession of a conspirator is admissible only against himself and because the prosecutor should have instructed the police officer not to testify about the inadmissible statement. Pretermitting the fact that the prosecutor did not know about the statement prior to the officer's testimony, these further objections were not raised in the trial court and therefore cannot be raised for the first time on appeal. *Dupree v. State*, 206 Ga. App. 4 (1) (a) (424 SE2d 316) (1992); *Johnson v. State*, 204 Ga. App. 277 (1) (419 SE2d 118) (1992).

Moreover, after the officer testified about the co-defendant's statement, the trial court instructed the jury to disregard and give no consideration to any prior references to the co-defendant. "Where a witness voluntarily injects into the trial improper and prejudicial matters, whether a mistrial must be granted or whether the effect can be corrected by instructions to the jury is a matter within the discretion of the trial court. The trial court's ruling will not be disturbed on appeal absent an abuse of discretion, which does not exist if the curative instructions given can serve to prevent the alleged harmful testimony from having any prejudicial impact." (Citations and punctuation omitted.) *Freeman v. State*, 205 Ga. App. 328, 329 (422 SE2d 229) (1992). In the instant case, the trial court did not abuse its discretion in denying Rogers' motion for a mistrial because its cautionary instruction was sufficient to prevent the testimony from having any prejudicial impact. *Mathis v. State*, 204 Ga. App. 896, 898-899 (3) (420 SE2d 788) (1992); *Lee v. State*, 204 Ga. App. 283 (2) (418 SE2d 809) (1992).

2. Rogers' complaint that the court erred in failing to give his requested jury charges concerning robbery, force, intent and taking is completely without merit. "The failure of the trial court to charge in the exact language requested is not reversible error where the charge given substantially covered the same legal principles." (Citations and punctuation omitted.) *Kennedy v. State*, 205 Ga. App. 152, 156 (5) (b), (d) (421 SE2d 560) (1992). Here, the court's instructions on armed robbery, robbery, theft by taking and intent fully and accurately covered the same legal principles contained in Rogers' requested charges. The court therefore did not err in refusing to charge in the exact language requested. Rogers' further objections to the charges actually given were not properly preserved for appellate review. *Craig v. State*, 205 Ga. App. 856 (1) (424 SE2d 902) (1992).

3. Rogers enumerates that the trial court erred in admitting into

evidence the written statement he gave to the police. The only cognizable assertion Rogers makes in support of this enumeration is that the court's alleged error in admitting into evidence the statement of his co-defendant somehow led to the erroneous admission of his own statement. Rogers does not further explain this specious assertion and cites no relevant authority in support of it. This enumeration of error is therefore deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2).

Even if the enumeration were not abandoned, it is wholly without merit as Rogers' statement clearly was admissible. The undisputed evidence shows that Rogers was fully informed of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and signed a form waiving those rights before making the written statement. In addition, Rogers and his attorney both signed a form stipulating that a hearing under *Jackson v. Denno*, supra, was unnecessary because Rogers gave the statement freely, voluntarily and after having been fully advised of all his rights. The trial court committed no error in allowing the statement into evidence. See generally *Moore v. State*, 207 Ga. App. 802 (430 SE2d 115) (1993).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 19, 1993.

*Ronnie J. Lane*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.