## S99A0542. BANKS v. THE STATE.
(518 SE2d 415)

HUNSTEIN, Justice.

Kenneth Moreal Banks was convicted of malice murder and felony murder for the death of four-year-old Tariq Karriem and was sentenced to life in prison.[1] He appeals from the denial of his motion for new trial. Finding sufficient evidence to support the verdict and no reversible error in the trial court's evidentiary rulings, we affirm.

1. The jury was authorized to find that Banks began living with Amira Karriem and her son, Tariq, in August 1996. The relationship between Banks and Tariq had not been an easy one; since Banks had moved in with his mother, the child had become withdrawn and he appeared nervous around Banks, who insisted that Tariq learn his ABC's and would yell at the child and call him "stupid" if the child

---

[1] The crimes occurred November 26, 1996. Banks was indicted in Clayton County on November 5, 1997 on charges of murder and felony murder. He was found guilty on both charges on May 13, 1998; the trial court merged the convictions and sentenced Banks to life imprisonment by order filed May 26, 1998. His motion for new trial, filed June 3, 1998 and amended October 15, 1998, was denied October 20, 1998. A notice of appeal was filed on November 17, 1998. The case was docketed in this Court on January 7, 1999 and was submitted for decision on briefs.

made mistakes. On November 26, 1996, the mother left the home to attend school at 6:30 a.m., at which time Tariq was coherent and able to talk and interact with her. Banks had sole possession of the child. Later that morning, shortly after ending a two-hour telephone conversation with Garica Coney, Banks phoned Coney again and asked her to drive him and Tariq to the hospital because Tariq was not moving and was unresponsive. Tariq was taken to Grady Hospital's emergency room where a CAT scan performed on the child's head revealed a subdural hematoma caused within two or three hours of the examination. The child had also sustained multiple retinal hemorrhages, which are only associated with non-accidental injuries. There were no external injuries to the head. Tariq was determined to be brain dead on November 28 and was removed from life support on November 29, 1996.

The pediatric critical care specialist who tended Tariq testified that a subdural hematoma can only be produced by a significant amount of force and that it could not be caused in an altercation with another child or by falling from kitchen counters or bathroom fixtures. The expert likened the amount of force required to produce such an injury to a head-on automobile collision or a fifteen-foot fall. Based on the results of Tariq's autopsy, the medical examiner testified that in his opinion the child would not have been able to speak or stand after receiving the massive brain injury.

At trial, Banks testified that he had asked the child to recite his ABC's and when at around 11:45 a.m. he heard a grunt and asked the child what was wrong, the child stood up and then fell down still mouthing his ABC's but with no sound coming out.

We find the evidence sufficient to enable a rational trier of fact to find Banks guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Banks asserts that the trial court erred by not granting a mistrial after Amira Karriem, while testifying, mentioned that Banks had on previous occasions "hit [Tariq] in the head, he popped him with his finger." The trial court sustained the defense objection to the statement; instructed the jury to disregard the statement; and admonished the prosecutor in the presence of the jury. At Banks' request, the trial court dismissed the jury and, in response to Banks' motion for a mistrial, questioned the witness. The trial court denied Banks' motion after it was satisfied that the witness had been previously warned by the prosecutor not to mention any incident regarding Banks hitting Tariq and had volunteered the information contrary to the prosecutor's instructions to the witness.

Given the nature of the witness's statement and the fact that it

was not intentionally elicited by the prosecutor,[2] we find that the curative instructions and actions taken by the court were sufficient to prevent the alleged harmful testimony from having any prejudicial effect. *Rogers v. State*, 211 Ga. App. 67 (1) (438 SE2d 140) (1993). Accordingly, the trial court did not err in denying Banks' motion for mistrial.

3. Banks contends error in the trial court's grant of the State's motion in limine. An examination of Tariq's body revealed that the child had at some earlier time sustained other injuries, causes unknown, which were healed at the time of his death. The State's motion in limine sought the exclusion of evidence of any injuries other than Tariq's fatal head trauma. The record reveals that the trial court granted the motion based on Banks' failure to introduce any expert evidence to establish the relevancy of the other injuries to the charged crimes and that the trial court also ruled that if Banks proffered such evidence it would reconsider the matter. Banks failed to make any proffer then or at trial.

Assuming, arguendo, that Banks' inaction has not waived his argument challenging the trial court's ruling, we find no error. Banks argues that, because his sole defense was that he did not cause Tariq's death but that some other unknown cause did, he should have been allowed to introduce evidence of injuries on the child's body showing that Tariq was an active child who was subject to getting hurt the same as any other four-year-old. However, the expert testimony adduced at trial from the medical examiner, the critical care pediatrician who tended Tariq, and the pediatrician who was the medical director of the hospital's child protection program was consistent and uncontroverted that the sole cause of Tariq's death was blunt force trauma to his head and that the type of injuries an active four-year-old would normally incur could not have caused or contributed to his death in any manner. Thus, although Banks' sole defense was that someone or something else other than Banks caused Tariq's death, that defense necessarily challenged only the identity of the person or event which inflicted the blunt force head trauma on the child and did not call into question the uncontroverted fact that it was blunt force head trauma, however or by whomever inflicted, which led to the child's death. Because Banks adduced no evidence that the other injuries sustained by the child were related to the medical reasons for the child's death or that this evidence otherwise cast a light on the identity of the person or event which inflicted the

---

[2] *Perry v. State*, 154 Ga. App. 559 (2) (269 SE2d 63) (1980), relied on by Banks, is distinguishable in that the prosecutor in *Perry* intentionally elicited prejudicial testimony from the witness on Perry's character, whereas here the prosecutor specifically instructed the witness not to mention the prejudicial incident and the witness did so voluntarily.

fatal head injury on the child, we find no abuse of the trial court's discretion in excluding this evidence. See generally OCGA § 24-2-1; *Jones v. State*, 270 Ga. 25 (8) (505 SE2d 749) (1998).

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

I fully concur in the Court's opinion. With regard to Division 2, the majority correctly finds that the trial court did not err in denying appellant's motion for mistrial based upon the victim's mother's statement that Banks had, on previous occasions, hit the victim. In view of the date of the trial and the manner in which this evidence was adduced, I agree with the majority's rationale that because the witness's statement was not intentionally elicited, the trial court's curative instructions "were sufficient to prevent the alleged harmful testimony from having any prejudicial effect." (Majority Opinion, p. 61.) However, I am constrained to note that had this case been tried subsequent to this Court's opinion in *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998), and had the State proffered the evidence as "prior difficulty" evidence, it probably would have been admissible with properly limiting instructions by the trial court.

DECIDED MAY 3, 1999.

*Robert L. Ferguson*, for appellant.

*Robert E. Keller, District Attorney, Verda Andrews-Stroud, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.