S02A0151. LAWSON v. THE STATE.
(561 SE2d 72)

HUNSTEIN, Justice.

Jesse Christopher Lawson was convicted of felony murder in the beating death of Hollis Goddard. He appeals from the denial of his motion for new trial[1] asserting that the evidence was insufficient to support his conviction and that he received ineffective assistance of counsel. Finding no error, we affirm.

1. Evidence was adduced at trial that on the night of July 6, 1994 appellant went to the trailer home of Goddard, who was 74 years old, and beat the victim about his head, face and neck with his fists. Witnesses testified that they saw appellant coming from the direction of the victim's home in an intoxicated condition with blood on his hands and shirt; appellant made statements to them relating that he had just beaten and killed another person. The afternoon of the following day, neighbors of the victim found him alive, but bruised and bloody.

---

[1] The crimes occurred on July 6, 1994. Lawson was indicted July 20, 1994 in Tift County on charges of aggravated assault on a person over the age of 65, felony murder predicated on aggravated battery, robbery and felony murder predicated on robbery. The trial court directed an acquittal on the latter two charges and a jury found Lawson guilty of the remaining charges on March 29, 1996. The trial court merged the assault conviction into the murder and sentenced Lawson to life imprisonment on June 14, 1996. Lawson's motion for new trial, filed July 2, 1996 and amended June 20, 2000, was denied March 27, 2001. His notice of appeal was filed April 23, 2001. The appeal was docketed October 16, 2001 and was submitted for decision on the briefs.

He related that he had been beaten and robbed the night before. The victim was taken to a local hospital. Because nineteen hours had passed from the initial assault and the victim was coherent and alert, medical personnel treated his superficial injuries and released him from the hospital. On July 8, the victim was found by neighbors on the floor of his trailer, confused and with fresh blood coming from his ears. He was returned to the hospital where tests ultimately determined he had sustained subdural hematomas, which are blood clots which form between the inside of the skull and the outer surface of the brain. Surgery was performed but complications set in and the victim died on July 20, 1994, two weeks after appellant's attack.

Although appellant argues that the evidence was not sufficient for the jury to determine that the blows he inflicted on the victim were the proximate cause of the victim's death, see *Wilson v. State*, 190 Ga. 824, 829 (10 SE2d 861) (1940), we conclude that the jury was authorized to find from the extensive medical evidence presented at trial that even if appellant's beating did not directly cause the victim's death, the beating either materially contributed to the death or materially accelerated it. The evidence adduced was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of felony murder predicated on aggravated battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Ward v. State*, 238 Ga. 367 (233 SE2d 175) (1977).

2. Appellant contends he did not receive effective assistance of counsel because counsel failed to request that the court instruct the jury that battery is a lesser included offense of aggravated battery. Although the trial court gave the jury instructions defining both battery, OCGA § 16-5-23.1, and simple battery, OCGA § 16-5-23, the court referenced only simple battery in its instruction regarding lesser included offenses.

A person commits the offense of simple battery when he or she intentionally makes physical contact of an insulting or provoking nature with the person of another or intentionally causes physical harm to another. OCGA § 16-5-23 (a) (1), (2). A person commits the offense of battery when he or she intentionally causes *substantial* physical harm or visible bodily harm to another. OCGA § 16-5-23.1. From the language of these statutes it is apparent that simple battery encompasses all forms of prohibited contact and is not limited like battery to contact that causes substantial or visible harm.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show both that his attorney's performance was deficient and that the deficiency so prejudiced him that a reasonable probability exists that, but for the errors, the outcome of the defendant's trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See also *Castleberry v.*

*State*, 274 Ga. 290 (4) (553 SE2d 606) (2001). Even assuming, arguendo, that appellant's counsel's performance was deficient in failing to request a charge on battery as a lesser included offense, we find that appellant has failed to demonstrate how this deficiency prejudiced him where the jury was given the option of finding him guilty of the lesser included offense of simple battery. Accordingly, we find no merit in this enumeration.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 2002.

*Benjamin Gratz, Jr.,* for appellant.

*Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.

