## S04A0627. SKAGGS v. THE STATE.

(596 SE2d 159)

CARLEY, Justice.

A jury found Jimmy Skaggs guilty of felony murder during the commission of aggravated assault. After entering judgment of conviction on the guilty verdict, the trial court sentenced him to life imprisonment. Skaggs moved unsuccessfully for new trial, and now appeals to this Court.[1]

1. During a party, Skaggs argued with Jason Buck and threatened to kill him. The confrontation took place in a parking lot, and escalated into a physical attack when Skaggs struck and bloodied Buck's nose. Skaggs, who was wearing steel-toed boots, then delivered a karate-style kick to Buck's chin. The force of the blow was such that Buck's body left the ground, and he fell headfirst onto the concrete. Some days later, Buck died as the result of trauma to his skull and brain.

Skaggs urges that this evidence is not sufficient to authorize his conviction, because Buck died from injuries sustained in the fall onto the concrete rather than from the blows to his head. In a criminal case, proximate cause exists when the accused's " 'act or omission played a substantial part in bringing about or actually causing the [victim's] injury or damage and . . . the injury or damage was either

---

[1] The crime occurred on October 29, 2000. The grand jury indicted Skaggs on December 22, 2000. The jury returned the guilty verdict on June 27, 2002 and, on July 1, 2002, the trial court entered judgment of conviction and imposed the life sentence. Skaggs filed a motion for new trial on July 23, 2002, which the trial court denied on August 22, 2003. Skaggs filed a notice of appeal on August 28, 2003, and the case was docketed in this Court on December 17, 2003. Oral argument of the appeal was heard on April 20, 2004.

a direct result or a reasonably probable consequence of the act or omission.' [Cit.]" *Pitts v. State*, 253 Ga. App. 373, 374-375 (1) (559 SE2d 106) (2002). In cases of felony murder, "for example, legal cause will not be present where there intervenes (1) a coincidence that is not reasonably foreseeable . . . or (2) an abnormal response." 1 LaFave, Substantive Criminal Law, § 6.4 (h), p. 495 (2d ed. 2003).

While the immediate cause of Buck's death was the injuries he suffered in the fall, the fall itself was the direct and immediate result of the blows administered by Skaggs. The only intervening force was gravity. It is reasonably foreseeable, and certainly not abnormal, that one who is struck in the nose and then kicked in the face with a steel-toed boot may fall to the ground and suffer a serious bodily injury. It does not matter that Skaggs never intended for Buck to fall and sustain a fatal injury as the result. The jury found that he was not guilty of malice murder, and, to authorize the felony murder conviction, the State was required only to prove his intent to commit aggravated assault. Aggravated assault with a deadly weapon requires proof that the victim was likely to, or actually did, suffer serious bodily injury, not that he died. OCGA § 16-5-21 (a) (2). There is no dispute that Skaggs intentionally struck and then kicked Buck. While fists and feet are not deadly weapons per se, they can become such instruments when used to strike another. See *Williams v. State*, 127 Ga. App. 386 (193 SE2d 633) (1972). Here, the blows resulted in a fall, and the fall caused severe trauma to the victim's skull and brain. Thus, the evidence shows commission of aggravated assault with a deadly weapon. The injuries Buck received in the aggravated assault ultimately caused his death. Therefore, the evidence shows the commission of a homicide resulting from aggravated assault in which the fists and feet were used as deadly weapons to inflict serious bodily injury to Buck's head. See *Lawson v. State*, 274 Ga. 866 (1) (561 SE2d 72) (2002).

Likewise, it is irrelevant that, statistically, falls are seldom fatal. The only fall at issue is that which Buck suffered, and he did not simply fall to the ground. He fell only because he was the victim of aggravated assault. Where, as here, the evidence shows commission of aggravated assault by the intentional use of a deadly weapon to strike the victim so as to inflict serious bodily injury, the defendant is guilty of felony murder if the victim dies as the consequence of the attack. See *Lawson v. State*, supra. "OCGA § 16-5-1 (c), defining felony murder, requires that the death need only be *caused* by an injury which occurred during the res gestae of the felony. [Cits.]" (Emphasis in original.) *State v. Cross*, 260 Ga. 845, 847 (2) (401 SE2d 510) (1991). "[U]nder Georgia law, . . . a death growing out of an aggravated assault is either malice murder or felony murder, or else it is not punishable as a homicide." *Baker v. State*, 236 Ga. 754, 758

(1) (225 SE2d 269) (1976). Having heard all of the evidence, and applying the law given in the charge, the jury found that the death of Buck was felony murder growing out of aggravated assault against Buck committed by Skaggs. Construing the evidence most strongly in support of that verdict, it was sufficient to authorize a rational trier of fact to find proof of Skaggs' guilt of that crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Miller v. State*, 275 Ga. 730, 732 (1) (571 SE2d 788) (2002); *Lawson v. State*, supra; *Dixon v. State*, 268 Ga. 81, 82 (1) (485 SE2d 480) (1997).

2. Skaggs further urges that the State cannot rely upon Buck's death twice, once to prove the "serious bodily injury" element of aggravated assault and then again as the homicide in the felony murder count. The fallacy in this argument is that the "serious bodily injury" suffered by Buck is the trauma to his skull and brain. His death resulting from that trauma is an additional element which elevates Skaggs' crime from the lesser offense of aggravated assault to the greater offense of felony murder during the commission of aggravated assault. The trial court gave proper and full effect to the principles of merger by entering a single judgment of conviction and imposing only one life sentence for the greater offense. See *Jones v. State*, 264 Ga. 144, 145 (2) (442 SE2d 245) (1994).

3. At the hearing on the motion for new trial, Skaggs attempted to introduce statistical analyses that were compiled by the Centers for Disease Control and Prevention and dealt with instances of fatal traumatic brain injuries. The State objected on several grounds, including irrelevancy. The trial court excluded the material, and Skaggs enumerates that evidentiary ruling as error.

As previously discussed, Buck suffered severe damage to his skull and brain when he fell as the consequence of being hit and kicked, and he died from the injuries received in that fall. Under those circumstances, the only relevant inquiry at the hearing on the motion for new trial was whether the State's proof was sufficient to support the jury's finding that, in delivering the blows with his fist and foot, Skaggs committed aggravated assault with a deadly weapon. Under the law of this State, "[a]ggravated assault, assault with a deadly weapon, upon the homicide victim can support a finding of felony murder. [Cit.]" *Strong v. State*, 251 Ga. 540, 541 (307 SE2d 912) (1983). That fundamental principle of Georgia law is totally unaffected by any statistical showing that death from brain trauma is or is not a frequent occurrence. Whenever such a death occurs in this State and the evidence shows that it is attributable to a defendant's commission of aggravated assault with a deadly weapon, he is subject to conviction for felony murder. Here, the prosecution showed beyond a reasonable doubt that Skaggs' commission of that offense set in

motion a series of events which resulted in Buck's death, and that there was no intervening cause for the fatality. *Green v. State*, 266 Ga. 758, 760 (2) (b) (470 SE2d 884) (1996). The trial court correctly excluded evidence which had no bearing on the identity of the person who, or the event which, inflicted the fatal head injury on Buck. See *Banks v. State*, 271 Ga. 59, 61 (3) (518 SE2d 415) (1999).

4. The trial court gave an otherwise correct charge on the principle of proximate cause in connection with the felony murder count. See *Williams v. State*, 255 Ga. 21, 22 (1) (334 SE2d 691) (1985). Skaggs contends, however, that the instruction was erroneously incomplete because it failed to include additional language expounding upon proximate cause when the accused does "not directly cause the death."

Under the undisputed evidence, Skaggs was directly responsible for the death, since there was no proof of any intervening cause between the attack he intentionally perpetrated and the resulting fatal fall. See *Williams v. State*, supra. Therefore, in no event would the additional charge have been applicable to the case. Moreover, Skaggs did not submit a written request for the added instruction which he now urges the trial court should have given. "The giving of an otherwise correct charge is not rendered erroneous for lack of an additional explanatory charge, in the absence of an appropriate request. [Cit.]" *Crawford v. State*, 267 Ga. 543, 546 (9) (480 SE2d 573) (1997). Therefore, even assuming that the language is a correct statement of the law of this state and that it had been adjusted to the evidence, the trial court did not err in failing to give it sua sponte.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 2004 —
RECONSIDERATION DENIED JUNE 4, 2004.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General,* for appellee.