## S06A1911. CHANEY v. THE STATE.
(640 SE2d 37)

THOMPSON, Justice.

Following a bench trial, appellant James Chaney was convicted of felony murder, aggravated assault, and possession of a firearm during the commission of a felony.[1] He appeals from the denial of his motion for new trial. We affirm the judgments of conviction, but for the reasons which follow, we remand for re-sentencing on the weapons offense.

Viewed in a light most favorable to the verdict, the evidence established that Chaney employed the victim, Harvey Rutherford, to sell cocaine for him. An eyewitness testified that on the night in question, Chaney drove up to the street corner where Rutherford was selling cocaine. A woman was in the process of transacting a purchase from Rutherford; and Rutherford was attempting to locate the cocaine which he had previously concealed in some bushes. The woman got tired of waiting and she left. Chaney exited his car, approached Rutherford, and demanded that he produce the drugs. Chaney told Rutherford, "I ain't taking no more losses. You better find my dope." As Rutherford continued to search for the drugs, Chaney walked to his car and returned carrying a pistol and putting on a pair of gloves. While Rutherford was bending over looking for the drugs, Chaney hit him in the face with the pistol. Rutherford stood up, backed away, and was able to block a second strike. Chaney then switched the gun from his right to his left hand and hit Rutherford in the back of the head. Rutherford fell to the pavement; he died several days later from his injuries.

The medical examiner testified that either a blow or a fall to the left side of the head resulted in a fracture of the left temporal bone, causing the brain to rebound to the right side of the skull, and resulting in hemorrhagic contusions; the cause of death was the delayed effects of blunt force trauma to the head; and the manner of death was homicide.

---

[1] The crimes were committed on October 14, 2003. An indictment was returned on February 17, 2004, charging Chaney with malice murder, felony murder while in the commission of an aggravated assault by striking the victim in the head with a handgun, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm in the commission of a felony. A bench trial commenced on October 12, 2004, and on October 15, 2004, Chaney was found guilty of felony murder, aggravated assault, and possession of a firearm during the commission of a felony. He was acquitted of malice murder and an order of nolle prosequi was entered as to the offense of possession of a weapon by a convicted felon. Chaney was sentenced on the same day to life imprisonment for felony murder, plus five consecutive years for the weapons offense. A timely motion for new trial was denied on February 21, 2006. A notice of appeal was filed on March 17, 2006. The case was docketed in this Court on July 17, 2006, and was submitted for a decision on briefs on September 11, 2006.

1. Chaney submits that the trial court erred in finding him guilty of felony murder because (1) there was no evidence that the victim hit his head on the street; (2) an aggravated assault was not the proximate cause of the victim's death, as alleged in the indictment; (3) the State failed to prove that the victim's death was caused by Chaney striking him with the gun, rather than some subsequently occurring act; and (4) there was no evidence that the blow with the pistol actually caused serious bodily injury to the victim; thus, the crime was at most a battery, and the resulting death could not be more than involuntary manslaughter. These assertions are wholly without merit.

First, the police report reflects that Rutherford "was found prone on the pavement . . . unresponsive with blunt force trauma to the head, a laceration over his right eye, and blood coming from his ears." In addition, the medical examiner testified that the victim's skull fracture and brain trauma were consistent with being struck by a handgun and that although the skull fracture was more consistent with a fall, "either [the strike or the fall] could theoretically cause those injuries."

"In a criminal case, proximate cause exists when the accused's 'act or omission played a substantial part in bringing about or actually causing the victim's injury or damage and the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.' [Cits.]" (Punctuation omitted.) *Skaggs v. State*, 278 Ga. 19-20 (1) (596 SE2d 159) (2004). Even assuming arguendo that the injuries suffered in the fall were the immediate cause of Rutherford's death, as in *Skaggs*, "the fall itself was the direct and immediate result of the blows administered," id. at 20, and "[t]he only intervening force was gravity." Id. After the pistol whipping, the fall was reasonably foreseeable. Thus, Chaney's acts of striking the victim in the head with the pistol either directly or proximately caused his death. Id.

Construed in support of the verdict, the evidence was sufficient for a rational trier of fact to have found Chaney guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At the sentencing hearing, the trial court imposed a mandatory life sentence for felony murder, as well as a mandatory five-year consecutive sentence for possession of a firearm during the commission of a felony as is required by OCGA § 16-11-106 (b) (1). The court, however, orally pronounced on the record that the five-year sentence for the weapons offense is to be suspended, clearly explaining to Chaney that "the totality of your sentence is, therefore, life in prison." See OCGA § 17-10-1 (except in cases where life imprisonment, life without parole, or the death penalty may be imposed, trial court is granted discretion to suspend or probate all or any part of a felony

sentence). See generally *Wallace v. State*, 216 Ga. App. 718 (5) (455 SE2d 615) (1995). But contrary to the court's pronouncement, the final disposition order reflects "five years to serve; to run consecutive" as to the weapon offense. Thus, the final sentencing order does not comport with the court's clear intention to suspend the five-year sentence. The State is in agreement that the case should be remanded to the trial court for re-sentencing on the weapons offense. We agree that the sentence must be corrected to speak the truth. See *McClellan v. State*, 274 Ga. 819 (1) (b) (561 SE2d 82) (2002); *Johnson v. Gooding*, 242 Ga. 793 (251 SE2d 534) (1979); *Hopper v. Williams*, 238 Ga. 612 (234 SE2d 525) (1977); *Pulliam v. Jenkins*, 157 Ga. 18 (121 SE 679) (1923); *Grant v. State*, 195 Ga. App. 463 (2) (393 SE2d 737) (1990); *Taylor v. State*, 157 Ga. App. 212 (1) (276 SE2d 691) (1981).

*Judgment affirmed and case remanded with direction. All the Justices concur.*

DECIDED JANUARY 8, 2007.

*Charles S. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General,* for appellee.