## S07A0013. JONES v. THE STATE.
(642 SE2d 816)

MELTON, Justice.

Following a jury trial, DeShawn Jones was convicted of malice murder, felony murder, making false statements to police, aggravated assault, possession of cocaine with intent to distribute, and attempt and conspiracy to sell cocaine in connection with a failed drug deal and the beating death of Wayne David.[1] Jones contends on appeal that the trial court erred in denying his motion for a directed verdict of acquittal on the murder charges against him and in denying his request that David not be referred to as the "victim" during the course of the trial. We affirm.

1. Viewed in the light most favorable to the verdict, the record shows that at daybreak on July 3, 2004, Jones and his co-defendant, ZaTerry Hester, attempted to sell cocaine to David. When a dispute arose over money, David refused the drugs and asked to get his money back. Jones and Hester then hit and kicked David, causing him to fall to the ground. David informed Jones that he had undergone open-heart surgery in 2001 and that he did not want to fight, but Jones continued to beat David for 15 to 20 minutes as a large crowd gathered at the scene. Although David did not defend himself during the fight, when Jones noticed a cut on his neck that he believed had been inflicted by David, he became enraged and stated that he was going to kill him. Jones hit David, who again fell to the ground, and continued to beat him in a manner that one witness described as "horrific." David pleaded for help and yelled for someone to call the police or an ambulance. David said repeatedly that he could not see or breathe. The police arrived after Jones and Hester had left the scene, and an ambulance took David to the hospital, where he suffered two heart attacks and died. The medical examiner described David's cause of death as superficial injuries of the head and torso with the underlying problems of heart disease and cocaine use. The examiner also found cocaine and alcohol in David's system.

---

[1] On October 7, 2005, Jones was indicted for malice murder, two counts of felony murder, aggravated assault, possession of cocaine with intent to distribute, attempt and conspiracy to sell cocaine, and making false statements to a law enforcement officer. Jones was found guilty on all counts on December 2, 2005, and on that same day was sentenced to life for the malice murder, fifteen years concurrent for possession of cocaine with intent to distribute, and five years concurrent for making false statements. The convictions for felony murder were vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the trial court merged the aggravated assault count and the conspiracy count into the malice murder count for purposes of sentencing. Jones filed a motion for new trial on December 15, 2005, and an amended motion on December 27, 2005. On April 13, 2006, the motion was denied. Jones's timely appeal was docketed in this Court on August 30, 2006, and submitted for decision on the briefs.

Jones contends that the trial court should have granted his motion for a directed verdict of acquittal on the murder charges against him because the evidence supported a reasonable hypothesis that David died as a result of a heart condition and cocaine use as opposed to the beating that he suffered at the hands of Jones and Hester. However, questions as to the reasonableness of hypotheses are generally to be decided by the jury. *Robbins v. State*, 269 Ga. 500 (1) (499 SE2d 323) (1998). Moreover, ample evidence from eyewitnesses and the medical examiner indicates that, even if Jones's beating of David "did not directly cause the victim's death, the beating either materially contributed to the death or materially accelerated it." *Lawson v. State*, 274 Ga. 866, 867 (1) (561 SE2d 72) (2002). Because the evidence was sufficient to enable a rational trier of fact to find Jones guilty of the charged offenses beyond a reasonable doubt, the trial court properly denied his motion for a directed verdict of acquittal. See id.; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jones's contention that the trial court erred in denying his request to prohibit references to David as the "victim" at trial is without merit, as this Court previously has held that the use of the word "victim" in referring to the deceased does not amount to an improper comment on the guilt of the accused. *Sedlak v. State*, 275 Ga. 746, 748-749 (2) (d) (571 SE2d 721) (2002); *Camphor v. State*, 272 Ga. 408, 414 (6) (c) (529 SE2d 121) (2000).[2]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 26, 2007.

*Mary Erickson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Bettieanne C. Hart, Brett E. Pinion, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.

---

[2] To the extent that Jones argues that an expert witness should not have been allowed to testify that David died as the result of "homicide," such argument is waived on appeal due to Jones's failure to object to this testimony at trial. *Minor v. State*, 264 Ga. 195 (1) (442 SE2d 754) (1994).