## S00A0342. PARKS v. THE STATE.
(529 SE2d 127)

HINES, Justice.

A jury found Leonard Parks, Jr. guilty of felony murder, aggravated assault, and burglary, in connection with the death of Anthony Bailey. Parks challenges the sufficiency of the evidence, and we affirm.[1]

---

[4] Id.

[5] Id.

[1] The crimes occurred on January 23, 1998. Parks was indicted by a DeKalb County grand jury on October 8, 1998, for malice murder, felony murder while in the commission of aggravated assault, felony murder while in the commission of attempted armed robbery, aggravated assault, attempted armed robbery, and burglary. He was tried before a jury on

Parks drove co-indictees Kevin Taylor and Ronnie Purvis to Bailey's residence. They had previously discussed robbing Bailey, in retribution for an incident in which Bailey had taken the stereo from Parks's vehicle. Taylor and Purvis forcibly entered Bailey's residence; Parks did not enter for fear that he would be recognized. Taylor held a gun to Ross's head while Purvis sought out and fatally shot Bailey. Both Purvis and Taylor fled the residence without taking any property and met with Parks, who drove the two men away from the crime scene. Parks drove Purvis to a friend's home to hide the guns used in the attack. The following day, after hearing Bailey was dead, Parks drove Purvis back to the friend's home to retrieve the guns. Taylor asked Parks when Parks intended on paying him. Shortly thereafter, Parks gave Taylor approximately $100 worth of crack cocaine, and gave Purvis $100 worth of cocaine in exchange for $50.

Parks contends that there is no evidence that he participated in any plan to commit the crimes. Under OCGA § 16-2-20, one is a party to a crime if he intentionally aids or abets the commission of the crime, or advises, encourages, hires, counsels, or procures another to commit it. Whether a person is a party to a crime may be inferred from the person's presence, companionship, and conduct before and after the crime was committed. *Walsh v. State*, 269 Ga. 427, 429 (1) (499 SE2d 332) (1998). Parks's statement to police showed that, prior to the crimes, he discussed with Purvis and Taylor going to Bailey's home and obtaining revenge. Knowing that the two were armed, he drove them to Bailey's residence while they discussed what they would say after kicking in the door, and where Parks should leave them and pick them up. After the crimes, Parks stated that he gave Taylor cocaine "for what he did." Beyond this direct evidence that Parks hired Taylor to commit the crimes and aided in their commission, a witness who had declined to join the plot against Bailey testified to its existence, and Parks's involvement in it.

Parks also contends that he did not intend the outcome of the criminal plan. But criminal intent may be inferred from conduct before, during and after the commission of the crime. *Williams v. State*, 262 Ga. 677 (1) (424 SE2d 624) (1993). Here there was evidence from which the jury could infer that Parks intended that Taylor and Purvis force entry into Bailey's home and rob him at gunpoint, threatening whoever was inside with the weapons. Even if

May 24 and 25, 1999, and found guilty on all counts except malice murder. On September 3, 1999, he was sentenced to life in prison, and two twenty-year terms to run concurrently with each other, and concurrently with the life term. Parks filed a motion for new trial on September 15, 1999, which was denied on October 18, 1999. He filed a notice of appeal on October 28, 1999, his case was docketed in this Court on November 17, 1999, and submitted for decision on January 10, 2000.

Parks did not have the specific intent that Bailey be killed, the crimes which he did intend were dangerous ones; by their attendant circumstances, they created a foreseeable risk of death. See *Ford v. State*, 262 Ga. 602, 603 (1) (423 SE2d 255) (1992). Contrary to Parks's argument, he was not "merely present" at the scene of the crimes. Compare *Brown v. State*, 250 Ga. 862, 864 (1) (302 SE2d 347) (1983). The evidence was sufficient to enable a rational jury to find beyond a reasonable doubt that Parks committed the crimes for which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 1, 2000.

*Virginia W. Tinkler*, for appellant.

*J. Tom Morgan III, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.