## S00A1785. SMITH v. THE STATE.
### (541 SE2d 362)

CARLEY, Justice.

A jury found Kenyama Smith guilty of felony murder, armed robbery, and aggravated assault. Merging the armed robbery and aggravated assault counts into the felony murder count, the trial court sentenced Smith to life imprisonment. The trial court denied a motion for new trial.[1]

1. Construed most strongly in favor of the verdict, the evidence shows that Smith grabbed something from the victim at gunpoint, shot him in the leg, and then struggled over control of the weapon. Smith's co-conspirator, Courtney Williams, waited around a corner and shot the victim when his back was turned. Both Smith and Williams then reached into the victim's pockets and fled. The jury may infer criminal intent from conduct before, during, and after commission of the crime. *Parks v. State*, 272 Ga. 353, 354 (529 SE2d 127)

---

[9] OCGA § 16-6-8.

[10] OCGA § 16-5-21.

[11] OCGA § 16-6-5.1.

[1] The crimes occurred on June 1, 1998. The grand jury returned its indictment on June 26, 1998. The jury found Smith guilty on March 18, 1999, and the verdicts were filed on April 23, 1999. The trial court entered the judgment of conviction and sentence on May 3, 1999. Smith filed a motion for new trial on May 10, 1999. The trial court denied that motion on April 21, 2000, and Smith filed a notice of appeal on May 1, 2000. The Court of Appeals transferred the case on July 14, 2000, and it was docketed in this Court on July 19, 2000 and submitted for decision on September 11, 2000.

(2000). The evidence demonstrates that Smith committed the underlying felonies while acting in concert with the actual shooter. *Parks v. State*, supra at 354-355; *Martin v. State*, 271 Ga. 301, 304 (1) (518 SE2d 898) (1999). Compare *Hyman v. State*, 272 Ga. 492, 493 (1) (531 SE2d 708) (2000). The evidence was sufficient to enable a rational trier of fact to find Smith guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Smith contends that the trial court erred in admitting evidence of a similar transaction without a sufficient showing of similarity or logical connection to the crimes charged here. The trial court admitted the similar offense to show motive, intent, course of conduct, and bent of mind. When similar transaction evidence is admitted for these purposes, a lesser degree of similarity is required than when such evidence is introduced to prove identity. *Fields v. State*, 223 Ga. App. 569, 571 (2) (479 SE2d 393) (1996). See also *Raulerson v. State*, 268 Ga. 623, 631 (8) (491 SE2d 791) (1997). The victim of the similar crime testified that Smith attempted to take money from him at gunpoint, struggled briefly with him, chased and cornered him, and shot him in the leg. Moreover, the incidents occurred about a month apart at the same time of day in the same part of town. An appellate "[c]ourt should not disturb the findings of the trial court on the issue of similarity or connection of similar transaction evidence unless they are clearly erroneous. [Cit.]" *Roberts v. State*, 241 Ga. App. 259, 261 (3) (526 SE2d 597) (1999). See also *Stephens v. State*, 261 Ga. 467, 469 (6), fn. 2 (405 SE2d 483) (1991). Because of the substantial similarities, along with the minimal lapse of time, the trial court's allowance of evidence of the similar crime was not clearly erroneous. See *Raulerson v. State*, supra at 631 (8).

3. Smith urges that his trial counsel rendered ineffective assistance in connection with her unsuccessful attempt to exclude a witness from testifying. Smith's trial attorney sought to exclude this witness because the State had provided inaccurate address and phone numbers. OCGA § 17-16-8 (a). The trial court applied the appropriate remedy by giving counsel the opportunity to interview the witness. *Berry v. State*, 268 Ga. 437, 440 (3) (490 SE2d 389) (1997). See also *Massey v. State*, 272 Ga. 50, 51 (4) (525 SE2d 694) (2000). Smith's lawyer stated that she could complete her interview in five minutes, and she did not renew her objection. This witness' testimony was cumulative of that given by three other eyewitnesses, and Smith has not shown how the brevity of the interview prejudiced his defense.

Smith also contends that his trial attorney was not prepared to call any witnesses. The record reveals that defense counsel made a great effort to locate potential witnesses and, in fact, interviewed several of them. However, she made a strategic decision not to call

any of them. Moreover, the trial attorney's failure to call witnesses cannot be deemed prejudicial because Smith has not shown that their testimony would have been relevant and favorable. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

Smith also relies on his request during trial that a new lawyer be appointed, complaining that his trial counsel was not representing him properly. " 'The essential aim of the Sixth Amendment is to guarantee effective assistance of counsel, not to guarantee a defendant preferred counsel or counsel with whom a "meaningful relationship" can be established.' [Cits.]" *Battle v. State*, 234 Ga. App. 143, 144 (2) (505 SE2d 573) (1998). Because defense counsel was not ineffective for any reason urged on appeal, we find no error in the trial court's refusal to appoint new counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2001.

*Patrick G. Longhi*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Adam M. Hames*, Assistant Attorney General, for appellee.

