## S08A0900. DUNCAN v. THE STATE.

(662 SE2d 122)

MELTON, Justice.

Following a jury trial, Jeremy Duncan was convicted for the aggravated assault and murder of Marcus Durden as well as concealing Durden's death. Duncan now appeals his convictions, contending that the evidence was insufficient to support the verdict.[1] For the reasons set forth below, we affirm.

1. In the light most favorable to the verdict, the record shows that, on February 24, 2006, Jeremy Duncan, with his co-defendants Deanthony Harris and Brent Burl, were driving to a club with Codi Bailey and Marcus Durden. Earlier that evening, Duncan told his co-defendants that he was planning to rob Durden of his money and drugs. While stopped at a gas station on the way to the club, Duncan gave Harris a knife while the others were away from the car. Duncan told Harris that the knife was for his "protection." On the way to the club, Duncan shot and killed Durden. Immediately thereafter, Harris pulled the knife he had been given by Duncan and demanded weapons and money from Bailey. Duncan threatened Bailey with a gun as well. Duncan then directed Burl to drive his car to a specific road, where Duncan and Harris threw Durden's body in the street and stole his wallet and cell phone. Duncan shared $90 taken from Durden's wallet with Burl and Harris. Duncan later used some of this money to buy drugs for Bailey. During the night, a passerby noticed Durden's body on the side of the road and informed police. Bailey also contacted police about the murder the following day. He did not contact police immediately because Duncan had threatened his life and he felt compelled to stay with Duncan and the others for most of the night. Duncan was later arrested.

---

[1] Duncan was indicted on September 13, 2006 for malice murder, two counts of felony murder, four counts of aggravated assault, armed robbery, possession of a weapon during the commission of a crime, possession of a firearm by a convicted felon, concealing a death, kidnapping, and false imprisonment. Following a jury trial, Duncan was convicted of all counts brought against him except possession of a firearm by a convicted felon. On February 8, 2007, Duncan was sentenced to life imprisonment for malice murder, twenty consecutive years imprisonment for the aggravated assault of Durden with a handgun, a consecutive life sentence for armed robbery, five consecutive years imprisonment for possession of a weapon during the commission of a crime, five years consecutive imprisonment for concealing a death, twenty years consecutive imprisonment for the aggravated assault of Bailey with a knife, and twenty years imprisonment for kidnapping. The felony murder counts were vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining counts of the indictment were merged for purposes of sentencing. Duncan filed a motion for new trial on March 2, 2007, but was allowed to withdraw the motion on November 20, 2007. Thereafter, Duncan filed a motion for out-of-time appeal which was granted on December 17, 2007. Duncan filed a notice of out-of-time appeal on January 9, 2008, and amended the notice on January 28, 2008. Duncan's case was docketed in this Court on February 11, 2008, and submitted for decision on the briefs.

This evidence was sufficient to enable the jury to find Duncan guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Duncan nonetheless contends that the evidence was insufficient to support his conviction for concealing a death pursuant to OCGA § 16-10-31. The evidence showed, however, that Duncan directed that Durden's body be left on the side of a specific road away from the location of the murder, and Duncan, in Bailey's presence, verbally considered killing Bailey in case he told police about the crime. "There was sufficient evidence to authorize the conviction for concealing the death of another since appellant's removal of the victim's body from the scene of the shooting prevented others from finding the victim and thereby hindered the discovery of whether the victim was unlawfully killed." (Citations omitted.) *Mitchell v. State,* 274 Ga. 768, 770 (1) (560 SE2d 8) (2002) (defendant killed victim in parked van, drove van to motel, and left body there). Moreover, based on the evidence, the jury could infer that Bailey did not immediately attempt to leave after the murder and report the crime to police because Durden had threatened his life if he did so. Through this threat, Duncan hindered the discovery of Durden's death. *Jackson v. State,* 271 Ga. App. 278 (1) (b) (609 SE2d 207) (2005).

3. Duncan also contends that the evidence was insufficient to support his conviction for the aggravated assault of Bailey through the use of a knife, arguing that Harris acted alone in committing this crime.

> Under OCGA § 16-2-20, [however,] one is a party to a crime if he intentionally aids or abets the commission of the crime, or advises, encourages, hires, counsels, or procures another to commit it. Whether a person is a party to a crime may be inferred from the person's presence, companionship, and conduct before and after the crime was committed.

(Citation omitted.) *Parks v. State,* 272 Ga. 353, 354 (529 SE2d 127) (2000).

The evidence showed that, before the crime, Duncan informed Harris and Burl that he intended to rob Durden and Bailey. Later, in preparation for the crime, Duncan provided Harris with a knife, telling him that it was "for his protection."[2] Immediately after

---

[2] Duncan contends that the only testimony showing that he provided Harris with a knife came from Harris, himself, and that the testimony of a co-defendant standing alone cannot support a conviction. See OCGA § 24-4-8. Pretermitting this argument, even if the evidence

Duncan shot Durden, Harris pulled the knife in order to check Bailey for weapons and steal any money he might have, thereby furthering the crime. Duncan then shared the spoils of the crimes with Harris. This evidence of events occurring before, during, and after the crime was sufficient to show that Duncan was a party to the crime of Harris' aggravated assault of Bailey. Id.

*Judgment affirmed. All the Justices concur, except Hunstein, P. J., who concurs in Divisions 1 and 3 and the judgment.*

DECIDED JUNE 2, 2008.

*Patricia F. Angeli*, for appellant.

*Jewel C. Scott, District Attorney, Holly W. Veal, Assistant District Attorney, Thurbert E. Baker, Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General*, for appellee.

---

that Duncan provided Harris with the knife were excluded, the evidence would be sufficient to support Duncan's conviction as a party to Harris' crime based on the parties' behavior before, during, and after the crime.