S09A1150. COOPER v. THE STATE.

(685 SE2d 285)

CARLEY, Presiding Justice.

The grand jury indicted Clifford Cooper for malice murder, felony murder, burglary, robbery and arson. The jury found him guilty of felony murder, burglary and robbery. The trial court entered judgments of conviction and sentenced him to life imprisonment for felony murder, and to two five-year terms for burglary and robbery, which are concurrent with each other, but consecutive to the life sentence. Cooper appeals after the denial of a motion for new trial.*

1. Construed most strongly in support of the verdicts, the evidence shows that Cooper and John McCoy went to the house of 71-year-old Charlie Johnson, Sr., to rob him. They kicked in the door of the house, and assaulted Johnson. As McCoy beat and choked Johnson, Cooper stole his wallet and ran out of the house. A short time later, he told a friend that McCoy was choking the man to death. Johnson lost consciousness, and McCoy then set the house on fire to destroy what he thought was a dead body. The medical examiner testified that Johnson had neck injuries, including a broken neck bone, but was still alive prior to the fire, and died from smoke and soot inhalation or carbon monoxide poisoning. The evidence was sufficient to enable a rational trier of fact to find Cooper guilty

---

* The crimes occurred on March 29, 2003, and the grand jury returned the indictment on June 24, 2003. The jury found Cooper guilty on December 16, 2003, and the trial court entered judgment on March 8, 2004. Cooper filed a motion for new trial and a motion to modify the sentence on March 31, 2004. The trial court modified the sentence on July 19, 2005. Amended motions for new trial were filed on August 5, 2005, and January 25, 2006, and were denied on October 29, 2007. The trial court granted a request to pursue an out-of-time appeal on May 19, 2008. The notice of appeal was filed on June 16, 2008. The case was docketed in this Court on April 3, 2009, and was submitted for decision on the briefs.

beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Cooper contends that the trial court should have directed a verdict of acquittal as to the felony murder charge because there was a fatal variance between the allegations in the indictment and the proof at trial. The felony murder count of the indictment alleged that Cooper and McCoy, while in the commission of the felony of aggravated assault, caused the victim's death by beating and choking him. However, expert testimony showed that the cause of death was not beating and choking, but was smoke and soot inhalation.

Contrary to the premise of Cooper's argument, there was not a variance between the allegations in the felony murder indictment and the proof as to the cause of death. There is no requirement

> that the victim must die during the commission of the underlying felony under a felony-murder indictment. OCGA § 16-5-1 (c), defining felony murder, requires that the death need only be *caused* by an injury which occurred during the res gestae of the felony. [Cits.] (Emphasis in original.)

*State v. Cross*, 260 Ga. 845, 847 (2) (401 SE2d 510) (1991). Moreover,

> "[w]here one commits a felony upon another, such felony is to be accounted as the efficient, proximate cause of the death whenever it shall be made to appear . . . that the felony directly and materially contributed to the happening of a subsequent accruing immediate cause of death . . . ." [Cit.]

*Williams v. State*, 255 Ga. 21, 22 (1) (334 SE2d 691) (1985). Here, the evidence showed that the victim sustained a broken neck bone and lost consciousness as a result of the beating and choking. Therefore, the aggravated assault by beating and choking directly and materially contributed to the death by smoke and soot inhalation by rendering him unable to leave the burning house. Accordingly, as alleged in the indictment and as proved by the evidence, the death was proximately caused by beating and choking. See *Skaggs v. State*, 278 Ga. 19, 20 (1) (596 SE2d 159) (2004) (aggravated assault by kicking and hitting victim, which caused him to fall and sustain fatal injuries, proximately caused death); *Williams v. State*, supra (aggravated assault by shooting victim in the leg, which caused him to be run over by a motor vehicle, proximately caused death).

Furthermore, even if the evidence that the victim died from smoke and soot inhalation were considered to be a variance from the

allegations in the felony murder count of the indictment, it would not be a fatal variance.

> "Our courts no longer employ an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance fatal." [Cits.]

*Delacruz v. State*, 280 Ga. 392, 396-397 (3) (627 SE2d 579) (2006). In this case, the indictment sufficiently informed Cooper of the charges so that he was able to put on a defense, and he has not shown that he was surprised by any evidence at trial. Moreover, there is no danger that he could be prosecuted again for the same offense. Because there was not a fatal variance between the allegations and the proof, the trial court correctly refused to direct a verdict of acquittal. See *Atkins v. State*, 274 Ga. 103, 104-105 (3) (549 SE2d 356) (2001); *Hampton v. State*, 272 Ga. 284, 286 (3) (527 SE2d 872) (2000).

3. Cooper also claims that there is no evidence that he caused the victim's death, arguing that McCoy alone choked the victim and set the fire.

> "Under OCGA § 16-2-20, (however,) one is a party to a crime if he intentionally aids or abets the commission of the crime, or advises, encourages, hires, counsels, or procures another to commit it. Whether a person is a party to a crime may be inferred from the person's presence, companionship, and conduct before and after the crime was committed." [Cit.]

*Duncan v. State*, 283 Ga. 584, 585 (3) (662 SE2d 122) (2008). In this case, the evidence shows that Cooper actively participated in the planning and execution of the home-invasion robbery, and that he was fully aware that his accomplice was choking the victim when he fled from the scene. Moreover, the evidence shows that after leaving the scene, Cooper took all the money out of the wallet, threw the

wallet into a sewer, and then went back to the scene to see the burning house. Accordingly, Cooper was not merely present at the scene, but was a party to the crimes. See *Curinton v. State*, 283 Ga. 226, 228-229 (657 SE2d 824) (2008); *Scott v. State*, 280 Ga. 466-467 (1) (629 SE2d 211) (2006); *Brown v. State*, 278 Ga. 724, 726 (1) (609 SE2d 312) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 2009.

*Barbara B. Claridge*, for appellant.

*Ashley Wright, District Attorney, Madonna M. Little, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.