S10G2079. DUVALL v. THE STATE.

(712 SE2d 850)

THOMPSON, Justice.

This case comes before the Court following a grant of certiorari to the Court of Appeals in *Duvall v. State*, 305 Ga. App. 545 (699

SE2d 761) (2010). The question posed on certiorari is whether the Court of Appeals erred

> in affirming the defendant's convictions for possession of a controlled substance and possession of a controlled substance not in its original container, and in particular, in construing OCGA §§ 16-13-30 (a) and 16-13-75 not to require the defendant to know that the pills he possessed were a controlled substance.

Because we find that the Court of Appeals did err, we reverse the judgment of conviction and remand for a new trial.

The facts of the case are simple. Appellant James Duvall was arrested in November 2007 when he mistakenly went to a neighbor's house and began banging on the door for her to let him in. Duvall was intoxicated and loud, so the neighbor called the police, who came to the house. At first, Duvall was non-responsive to police instructions to show them his hands, so police subdued Duvall with a taser and arrested him for misdemeanor loitering/prowling and misdemeanor obstruction of an officer. During a search incident to arrest, police found in Duvall's pockets three loose tablets of a substance which proved to be Zolpidem Tartrate, a prescription sleeping aid also known by the brand name Ambien. Duvall was then also charged with felony possession of a controlled substance and felony possession of drugs not in their original container.

A Newton County jury convicted Duvall on all charges and Duvall chose to appeal only the two felony counts. On appeal, the Court of Appeals considered, among other claims,[1] whether Duvall should have received at trial a jury instruction on mistake of fact. The Court of Appeals held that the mens rea required for conviction under OCGA §§ 16-13-30 (a) and 16-13-75 was simply knowledge that one possessed *some* drug. The Court of Appeals further held that knowledge of whether that drug is listed as a controlled substance is purely a question of law, and that a defendant's ignorance as to whether a particular drug he possesses is categorized as a controlled substance is not a defense to these charges.

While the Court of Appeals' characterization of the law is an accurate one, the court misinterpreted appellant's argument in reaching that holding. The entire basis of appellant's defense at trial was that he knew he possessed the sleeping aids, but that he believed

---

[1] While we do not reach these other claims because they were not part of the petition for certiorari, we do wish to remind and caution the trial court on retrial that the Court of Appeals in this case found error in the trial court's admission of appellant's prior conviction for possession of cocaine as past "similar transactions" evidence.

the pills were some form of over-the-counter medication and not Zolpidem Tartrate. The approach taken by the Court of Appeals, on the other hand, suggests that appellant knew that the three pills in his possession were Zolpidem Tartrate, but that he asserted a defense based on not knowing that Zolpidem Tartrate is a controlled substance under Georgia law. Were that the case, the Court of Appeals' analysis of the matter would have been correct.

Possession of a controlled substance is not a strict liability offense. Here, the criminal intent required by OCGA §§ 16-13-30 (a) and 16-13-75 is intent to possess a drug with knowledge of the chemical identity of that drug. The actus reus in these statutes is possession of the drug, which one knows oneself to possess, when that drug is a controlled substance (in addition to the "original container" requirements of OCGA § 16-13-75). Therefore, possessing Zolpidem Tartrate, which one knows or understands to be Zolpidem Tartrate, is a violation of OCGA § 16-13-30 (a) because Zolpidem Tartrate is a controlled substance. On the other hand, possessing Zolpidem Tartrate, which one believes or understands to be an over-the-counter medication (such as Doxylamine Succinate, sold as an over-the-counter sleep aid under the brand name Unisom), is not a crime because the requisite mens rea is not present. It is this latter scenario which appellant asserts to be the case.

Because of this apparent misunderstanding, we answer the question presented on certiorari in the affirmative. Appellant's knowledge of the chemical identity of the substance in his possession is purely a question of fact. As such, it should have been a question for the jury, and the jury should have been instructed to consider the defense of mistake of fact. Because appellant's request for such an instruction was erroneously denied by the trial court, appellant is entitled to a new trial.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 11, 2011.

*James C. Bonner, Jr., Teresa L. Smith*, for appellant.
*Layla H. Zon, District Attorney*, for appellee.