**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 3, 2012**

# In the Court of Appeals of Georgia

A12A0606. COOPER v. THE STATE. BO-023C

BOGGS, Judge.

Adam Cooper appeals from his convictions for possession of a Schedule I
controlled substance (N-Benzylpiperazine or "BZP" )[1] and possession of marijuana
with intent to distribute. He contends insufficient evidence supports his convictions.
We disagree and affirm.

Viewed in the light most favorable to the verdict, the record shows that three
police officers in uniform were patrolling an apartment complex on bicycles "for
illegal drug sales." When the officers approached Building 15, they saw Cooper
standing in front of it with two men facing him. One of the men reached into his
pocket to pull out what appeared to be paper money. When the officers approached,

---

[1] OCGA § 16-13-25 (9).

the two men walked away, and Cooper remained in front of the apartment building. After denying that he had anything "illegal on him," Cooper consented to a pat-down search. As the officer began the search, Cooper told the officer he "had weed and E" in his right front pocket and "a joint in his left front pocket." When the officer searched Cooper's pockets, he found a small plastic bag containing marijuana, ten individually wrapped smaller plastic bags containing marijuana, "a wrapping with seven pills in it," empty individual baggies, $72.89 in cash, a marijuana cigarette, and a cell phone. After the officer read Cooper his *Miranda* rights, Cooper told the officer he obtained the drugs from "[s]ome guy in DeKalb County" and admitted that "he smoke[d] marijuana all day to help him maintain his anger issues and he uses ecstacy to help balance out the marijuana or marijuana to balance out the ecstacy." He also explained that "he was homeless and . . . didn't have a job or anything . . . [and would] do whatever it takes to make money."

A forensic chemist with the GBI testified that she tested one of the pills and determined that it was N-benzylpiperazine, commonly known as BZP, an "euphoric stimulant" that "stimulates like methamphetamine would and then it also has some euphoric tendencies like ecstasy would." A Gwinnett County crime scene specialist testified that the substance in two of the small baggies tested positive for marijuana.

2

Each of the ten small baggies weighed between .42 and .49 grams and the larger plastic bag of marijuana weighed 2.22 grams for a total weight of 6.85 grams, excluding the cigarette.

Cooper testified that he planned to personally use all of the drugs found by the police on his person. He explained that he purchased the marijuana and pills from a dealer named Daytona in Building 15 of the apartment complex. Cooper believed that the pills he had purchased were ecstasy. He acknowledged that he used Daytona's scale to separate the marijuana into separate bags while he was in Daytona's apartment, claiming that he did so for "portion control." During cross-examination, he admitted that it would have been easy for him to take some of the pills or marijuana from the larger bag and place it in the empty plastic bags that were found in his pocket. He denied that the two men with him when the police approached were trying to purchase drugs from him.

1. Cooper contends, based upon his testimony that he believed the pills were ecstacy, that insufficient evidence supports his possession of BZP conviction because he did not knowingly possess BZP. The record shows that while the State charged Cooper with possession "with the intent to distribute N-Benzylpiperazine, a Schedule

I controlled substance," the jury found him guilty of the lesser included offense of possession.

Cooper asserts, correctly, that the State must prove that he knowingly possessed the chemical N-Benzylpiperazine. *Duvall v. State*, 289 Ga. 540, 542 (712 SE2d 850) (2011). "Possession of a controlled substance is not a strict liability offense. . . . [T]he criminal intent required by OCGA § [] 16-13-30 (a) . . . is intent to possess a drug with knowledge of the chemical identity of that drug." Id.

He incorrectly claims, however, that his testimony that he believed he possessed a different Schedule I controlled substance, ecstasy,[2] renders the State's evidence against him insufficient as a matter of law. "Appellant's knowledge of the chemical identity of the substance in his possession is purely a question of fact" that should ordinarily be determined by a jury. Id.

> [B]oth knowledge and possession may be proved, like any other fact, by circumstantial evidence. And it has long been the law that knowledge may be proved by facts and circumstances from which a jury could reasonably infer that a defendant knowingly possessed contraband.

---

[2] MDMA or ecstacy "is a Schedule I controlled substance denominated '3, 4-Methylenedioxymethamphetamine.' OCGA § 16-13-25 (3) (Z)." *Gibson v. State*, 308 Ga. App. 63 n. 1 (706 SE2d 585) (2011).

4

> Thus, OCGA § 16-2-6 provides that a jury may find criminal intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.

(Citation, punctuation and footnote omitted.) *Serna v. State*, 308 Ga. App. 518, 522 (3) (707 SE2d 904) (2011). The jury was not required to accept as true Cooper's assertion that he believed the pills were a different Schedule I controlled substance. "It is the jury's prerogative to choose what evidence to believe and what to reject." (Citation and punctuation omitted.) *Sullivan v. State*, 277 Ga. App. 738, 741 (627 SE2d 437) (2006). Because the issue of Cooper's knowledge that he possessed BZP was for the jury, we affirm his conviction. Cf. *Serna*, supra, 308 Ga. App. at 521-522 (3) (rejecting defendant's sufficiency argument based in part upon alleged lack of knowledge of precise chemical compound in bottle of "Amsterdam Poppers").[3]

---

[3] Our opinion in *Mohamed v. State*, Ga. App. (Case No. A11A2289, decided February 16, 2012), does not require a different result. In *Mohamed*, the defendant testified that he believed "the chemicals" would dissipate from a khat plant during the time it took the plant to be shipped from Africa to the United States. Slip Op. at 5-8 (1). In this case, however, Cooper admitted that he possessed an illegal drug, and it was for the jury to determine whether he knowingly possessed the chemical compound specified in the indictment.

5

2. Cooper argues that insufficient evidence supports his conviction for possession of marijuana with the intent to distribute because the evience demands the conclusion that he possessed it only for personal use. We disagree.

"[N]o bright line rule exists regarding the amount or type of evidence sufficient to support a conviction for possession with intent to distribute." (Citation, punctuation and footnote omitted.) *Jones v. State*, 304 Ga. App. 109, 110-111 (1) (a) (695 SE2d 665) (2010) "[I]n the absence of expert testimony concerning the amount of contraband associated with distribution, intent to sell may be proven through additional evidence including scales, drug paraphernalia, large amounts of cash, and division of drugs into individual packages." (Citation and punctuation omitted.) *Gremillion v. State*, 233 Ga. App. 393, 396-397 (3) (504 SE2d 265) (1998). Evidence that Cooper used a dealer's scale to distribute marijuana into individual packages of similar weight, his possession of a larger bag of marijuana along with empty individual plastic bags, his possession of a total amount of 6.85 grams of loose marijuana, his admission that he would do whatever it takes to make money, and the officer's observation of what might have been an interrupted sale transaction combined together adequately support his intent to distribute conviction. See

*Williams v. State*, 303 Ga. App. 222, 224-225 (2) (692 SE2d 820) (2010); *Rutledge v. State*, 224 Ga. App. 666, 668 (1) (482 SE2d 403) (1997).

*Judgment affirmed. Doyle, P. J. and Andrews, J., concur.*