## S12G0370. WILSON v. THE STATE.
### (729 SE2d 364)

CARLEY, Chief Justice.

A package containing 12.46 pounds of marijuana arrived at a post office in Hall County addressed to "Abby at 1830 Vineyard Way." The post office mistakenly notified Abby Massaro of 1930 Vineyard Way. Ms. Massaro collected the package from the post office, discovered the marijuana, and contacted police. A law enforcement officer, dressed as a postal carrier, performed a controlled delivery of the package to 1830 Vineyard Way, with other officers waiting nearby. Appellant Justin Wilson answered the door and told the undercover officer that Abby was not at home but that "the package was expected and he would sign for it." Appellant accepted delivery and was immediately arrested. Appellant told the officers that his roommate, Daniel Park, had mentioned that he was having a package containing marijuana shipped to the apartment. Appellant also stated that he believed the package was ultimately intended to be delivered to David Salinas, a friend of Park. Both Park and Salinas were convicted during separate jury trials of trafficking in marijuana, possession of marijuana with intent to distribute, and possession of marijuana. Their convictions were affirmed on appeal. *Salinas v. State*, 313 Ga. App. 720 (722 SE2d 432) (2012); *Park v. State*, 308 Ga. App. 648 (708 SE2d 614) (2011).

On October 8, 2008, Appellant was indicted for the charges of trafficking in marijuana, possession of marijuana with intent to distribute, and felony possession of marijuana. At trial, the court charged the jury that OCGA § 16-13-31 (c), the trafficking in marijuana statute, does not require the State to prove that Appellant had knowledge of the quantity of the marijuana he possessed in order to be convicted of this offense. Appellant made no contemporaneous objection to this charge. He was subsequently convicted of all charges. After a motion for new trial was denied, Appellant appealed to the

Court of Appeals, which affirmed his convictions and held that "the drug trafficking statutory scheme [does not] require proof of the defendant's subjective knowledge as to the precise weight of the drugs in his possession." *Wilson v. State*, 312 Ga. App. 166, 170 (2) (718 SE2d 31) (2011). We granted certiorari to consider this holding by the Court of Appeals.

As it is undisputed that Appellant did not object to the jury instruction at trial, any alleged error in that charge is subject to plain error review pursuant to OCGA § 17-8-58 (b). In *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011), we set forth four prongs to consider when analyzing a jury charge for plain error:

> "First, there must be an error or defect — some sort of '(d)eviation from a legal rule' — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the (t)rial court proceedings.' Fourth and finally, if the above three prongs are satisfied, the (appellate court) has the *discretion* to remedy the error — discretion which ought to be exercised only if the error ' "seriously affect(s) the fairness, integrity or public reputation of judicial proceedings." ' " [Cit.]

(Emphasis in original.) Appellant asserts that it was plain error for the trial court to instruct the jury that a conviction of trafficking does not require proof that the defendant knew that the weight of the marijuana he possessed exceeded ten pounds. In relevant part, OCGA § 16-13-31 (c) states that "[a]ny person who knowingly . . . has possession of a quantity of marijuana exceeding 10 pounds commits the offense of trafficking in marijuana. . . ." Affording the statute its plain meaning and considering that we must apply the rule of lenity when interpreting penal statutes, we believe that Appellant's argument that OCGA § 16-13-31 (c) requires proof that he knew the amount of the marijuana he possessed may be meritorious. However, even if Appellant is correct and the trial court erred in instructing the jury that knowledge of the weight of the drug is not required for a conviction of trafficking, since this case is before us on plain error review, an actual legal error is not enough but must be " 'clear or obvious [and not] subject to reasonable dispute.' " *State v. Kelly*, supra. Although this Court has not addressed the issue, the Court of Appeals has addressed it within the context of the cocaine trafficking

statute and has held that knowledge of the quantity of cocaine is not an essential element of the offense. *Barr v. State*, 302 Ga. App. 60, 61 (1) (690 SE2d 643) (2010); *Cleveland v. State*, 218 Ga. App. 661, 663 (1) (463 SE2d 36) (1995). Therefore, the trial court, with regard to this issue, was supported by actual legal precedent and, in fact, was bound by it. "Given that [the Court of Appeals'] case law runs contrary to [A]ppellant's position, it cannot be seriously contended that the trial court committed 'clear or obvious' error" as required by the second prong of the plain error analysis. *State v. Kelly*, supra at 34 (2) (b). "An error is plain if it is clear or obvious under current law. [Cit.] An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results. [Cit.]" *United States v. De La Fuente*, 353 F3d 766, 769 (II) (A) (9th Cir. 2003). Consequently, the issue of whether the State needs to prove that a defendant knew the quantity of the drug in order to be convicted of trafficking is "subject to reasonable dispute" and thus cannot constitute plain error. *State v. Kelly*, supra. We note that, since this issue is subject to reasonable dispute, we suggest that the General Assembly clarify the essential elements of trafficking in illegal substances. In the present case, however, the second prong of our plain error analysis is not satisfied, and thus we need not address the other prongs of the analysis. See *State v. Kelly*, supra at 34 (2) (b), fn. 5. Accordingly, even if we believe that the trial court's instruction to the jury that knowledge by Appellant of the quantity of the marijuana he possessed is not an element of the offense of trafficking constituted error, it does not amount to plain error.

*Judgment affirmed. All the Justices concur, except Hunstein, P. J., who concurs in judgment only and Benham, J., who dissents.*

DECIDED JULY 2, 2012 —
RECONSIDERATION DENIED JULY 26, 2012.

*Brett M. Willis, Adam S. Levin, H. Bradford Morris, Jr.,* for appellant.

*Lee Darragh, District Attorney, Shiv Sachdeva, Assistant District Attorney,* for appellee.

*Jimmonique R. S. Rodgers, James C. Bonner, Jr., Gary D. Bergman, J. David Miller, Charles C. Olson,* amici curiae.