**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 13, 2017**

# In the Court of Appeals of Georgia

A17A0529. BAILEY v. THE STATE.

BETHEL, Judge.

Kimon Bailey appeals his conviction for possession of cocaine with intent to distribute. He argues that the trial court committed plain error when it failed to charge the jury that the State had to prove his knowledge of possessing cocaine beyond a reasonable doubt. We disagree and affirm because Bailey cannot show that the alleged error affected the outcome of the trial court proceedings.

"On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence." *State v. Robinson*, 275 Ga. App. 117, 117 (619 SE2d 806) (2005). So viewed, the record shows that Bailey was riding as a passenger in a vehicle that was stopped by a police officer. During the stop, the driver consented to a search of the

vehicle. The search revealed a bag of marijuana and a partially smoked marijuana cigarette. One of the other passengers in the vehicle took responsibility for the marijuana, and told officers that Bailey had cocaine in his shoe. An officer asked Bailey to remove his shoes, and he complied. The officer felt along Bailey's socks and detected a bulge underneath Bailey's right sock at the arch on the bottom of his foot. The officer removed the sock, and a bag containing 32 smaller bags of cocaine fell out. Officers also found over $200 in cash on Bailey's person. Bailey was charged with possession of cocaine with intent to distribute.

At trial, the jury was instructed generally on intent and the manner in which it may be proved, and was told that "it is an essential element of any crime and must be proved by the State beyond a reasonable doubt." The jury was also charged, in pertinent part:

> The defendant is charged with possession – the offense of possession of cocaine with intent to distribute. That offense is defined as follows: It is unlawful for any person to possess with intent to distribute any quantity of cocaine, which is a controlled substance. Intent to distribute means intent to unlawfully deliver . . . . Deliver means the actual, constructive, or attempted transfer of a controlled substance from one person to another. Bailey made no contemporaneous objection to this charge. He was subsequently convicted of possession of cocaine with

2

intent to distribute. Bailey filed a motion for new trial, which was denied. This appeal followed.

Bailey argues that the trial court committed plain error when it failed to charge the jury that the State had to prove his knowledge of possessing cocaine beyond a reasonable doubt. As it is undisputed that Bailey did not object to the jury instructions at trial, any alleged error in the charge is subject to plain error review pursuant to OCGA § 17-8-58 (b). Under that standard, this Court must consider first whether there is an error or defect—that is, some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned (i.e., affirmatively waived) by the defendant. *Wilson v. State*, 291 Ga. 458, 459 (729 SE2d 364) (2012).

> Second, the legal error must be clear and obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Id.* (punctuation and emphasis omitted).

3

Assuming, *without deciding*, that a failure to provide a charge that a defendant must *knowingly* possess cocaine with an intent to distribute is *always* erroneous as a matter of law, Bailey's claim of error fails under a subsequent prong—that is, he cannot establish that the alleged error affected the outcome of the trial court proceedings. *See Wilson*, 291 Ga. at 459. Bailey argues the evidence justifying the charge was that (1) he willingly removed his shoes when a police officer requested that Bailey do so, and (2) Bailey expressly denied having anything on his person. Both of these facts were testified to by an officer at trial. But neither of these facts support a conclusion that Bailey did not know or was mistaken about the substance of the drugs found on him. *Compare Duvall v. State*, 289 Ga. 540, 541-42 (712 SE2d 850) (2011); *Patterson v. State*, 328 Ga. App. 111, 117-19 (4) (761 SE2d 524) (2014). Rather, these facts constitute a complete denial of the existence of the 32 bags hidden inside his sock at the bottom of his right foot. Therefore, because there does not appear to be any evidence in the record demonstrating that the jury could have been misled or confused into convicting Bailey based solely on a finding that he possessed the drugs without making a finding regarding his knowledge, Bailey cannot show that the failure to instruct the jury as to knowledge affected the outcome of the trial court proceedings. Thus, we decline to find plain error here.

*Judgment affirmed. McFadden, P. J., and Branch, J., concur.*