**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 4, 2021**

# In the Court of Appeals of Georgia

A21A0128. DUFFIE v. THE STATE.

REESE, Judge.

After a jury found Quenton Duffie guilty of four counts of trafficking methamphetamine and a related count of possession of a firearm during the commission of a felony,[1] the Superior Court of Gwinnett County denied his amended motion for new trial. Duffie appeals, arguing that the trial court plainly erred by not charging the jury that the State had to prove Duffie knew the chemical identity of the drug and that trial counsel was ineffective in failing to request such an instruction. For the reasons set forth infra, we affirm.

---

[1] See OCGA §§ 16-13-31 (e) (1), (3); 16-11-106 (b) (5).

Construed in the light most favorable to the verdict,[2] the record shows the following facts. In January 2018, Tiffany Joseph, a narcotics police detective, asked Investigator Yayoi Huggins to work undercover in Joseph's investigation of Duffie. With the assistance of a confidential informant, Huggins set up and conducted three controlled buys from Duffie. Following those buys and the subsequent execution of a search warrant at Duffie's home, a grand jury returned a five-count indictment against Duffie.

Count 1 of the indictment charged Duffie with trafficking more than 28 grams of a mixture containing methamphetamine on January 10, 2018. On that day, Huggins met with Duffie at his Norcross apartment to buy "Ecstasy" (MDMA) and cocaine. Huggins testified that, after discussing with Duffie the amounts and pricing of the drugs that she wanted to buy, she purchased what appeared to be 100 MDMA pills for $300 and approximately 4.5 grams of cocaine for $150. However, Dr. Mosammat Begum, a forensic chemist with the Georgia Bureau of Investigation ("GBI"), testified that her testing of the pills confirmed the presence of methamphetamine.

Count 2 of the indictment charged Huggins with trafficking more than 28 grams of a mixture containing methamphetamine on January 30, 2018. Huggins

---

[2] See *Lott v. State*, 281 Ga. App. 373 (1) (636 SE2d 102) (2006).

testified that she met Duffie at a McDonald's restaurant on that day in Duluth and purchased 300 pills of (presumed) MDMA for $950 and approximately 30 grams of methamphetamine. Dr. Begum testified that her testing of the latter substance confirmed the presence of methamphetamine.

Count 3 of the indictment charged Huggins with trafficking more than 28 grams of a mixture containing methamphetamine on March 2, 2018. On that day, Huggins went back to Duffie's Norcross apartment to purchase 300 Ecstasy pills for $600. Although these pills appeared to be MDMA, Dr. Begum's testing confirmed the presence of both methamphetamine and cocaine.

Counts 4 and 5 of the indictment charged Duffie with trafficking more than 400 grams of a mixture containing methamphetamine and having a firearm within arm's reach during the commission of that offense on March 14, 2018. Huggins had arranged with Duffie to purchase over 1,000 pills and more than an ounce of cocaine. Instead, officers executed a search warrant on the Norcross apartment, where they found Duffie alone. When the officers arrived, they discovered a firearm on the floor next to Duffie's bed where he appeared to be sleeping. A few steps away from the bed was a closet in which officers discovered, inter alia, what appeared to be a bag of

Ecstasy pills. Dr. Begum testified that her testing confirmed the presence of methamphetamine and cocaine in the pills.

Testifying in his defense, Duffie did not dispute that he had made the sales in question. He claimed instead that, although he had been selling drugs for about 12 years and sometimes sold cocaine, he dealt "fake drugs." Specifically, his "hustle[ ]" for the past five or six years involved purchasing creatine, vitamins, and food coloring, and having someone else mix and press these substances into pills for an equal share of the profit. Although he did not always supervise this process, Duffie testified that there was no methamphetamine in his product.

After the jury found Duffie guilty of all five charges against him, Duffie filed a motion for a new trial. At the hearing on his amended motion, Duffie's trial counsel testified that, when defending a charge for trafficking or possession with intent to distribute, she usually requested a jury instruction that the State had to prove knowledge of what the drug was in his possession. Counsel did not recall why she would not have requested such a charge at Duffie's trial, "if it was oversight or what." The superior court denied Duffie's motion, concluding, inter alia, that the jury was properly charged. This appeal followed.

4

"Because [Duffie] did not raise [his] objections to the court's charge at trial, we review [his] challenges to the jury charge only for plain error."[3] "[I]n determining whether there was plain error, jury charges must be read and considered as a whole."[4] "To prove ineffective assistance, [Duffie] was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. The trial court's factual determinations with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous."[5] With these guiding principles in mind, we turn now to Duffie's claims of error.

---

[3] *Walter v. State*, 304 Ga. 760, 764 (3) (822 SE2d 266) (2018) (footnote omitted); see OCGA § 17-8-58 (b) ("Failure to object in accordance with subsection (a) of this Code section shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Such plain error may be considered on appeal even if it was not brought to the court's attention as provided in subsection (a) of this Code section."); see also OCGA § 17-8-58 (a) ("Any party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. Such objections shall be done outside of the jury's hearing and presence.").

[4] *McCullough v. State*, 330 Ga. App. 716, 724 (2) (769 SE2d 138) (2015) (citations and punctuation omitted).

[5] *Lott*, 281 Ga. App. at 376 (4) (citations and punctuation omitted); see *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

1. Duffie argues that the trial court plainly erred by not instructing the jury that the State had to prove that he knew that the substance he possessed contained methamphetamine.

Duffie relies primarily on *Duvall v. State* ("*Duvall II*").[6] There, the Supreme Court of Georgia held that the trial court erred by not instructing the jury to consider the defense of mistake of fact where the defendant, charged with possession of a controlled substance, testified he believed the prescription sleeping aid was an over-the-counter sleep aid.[7] In construing former OCGA § 16-13-30 (a), the Supreme Court held that it was error not to require that the defendant know that the pills he possessed were a controlled substance.[8]

However, *Duvall II* and the other cases on which Duffie relies[9] are distinguishable from this drug-trafficking case. In a 2013 amendment to OCGA §

_____

[6] *Duvall v. State*, 289 Ga. 540 (712 SE2d 850) (2011) ("*Duvall II*").

[7] Id. at 541-542; see also *Duvall v. State*, 305 Ga. App. 545 (699 SE2d 761) (2010) ("*Duvall I*") (regarding the defendant's testimony), reversed by *Duvall II*.

[8] *Duvall II*, 289 Ga. at 541.

[9] See *Patterson v. State*, 328 Ga. App. 111, 119-121 (4) (761 SE2d 524) (2014) (reversing conviction for possession of hydrocodone); see also *Lewis v. State*, 350 Ga. App. 143, 151 (3) (a) (828 SE2d 386) (2019) (reversing firearm conviction).

6

16-13-31, the General Assembly deleted multiple instances of "knowingly," inter alia, throughout the trafficking statute. Prior to 2013, § 16-13-31 (e) had provided in part:

> Any person who *knowingly* sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine, amphetamine, or any mixture containing either methamphetamine or amphetamine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in methamphetamine or amphetamine[.][10]

The current version provides in relevant part:

> Except as authorized by this article, any person who sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine, amphetamine, or any mixture containing either methamphetamine or amphetamine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in methamphetamine or amphetamine[.][11]

"This legislative change does not explain what the term 'knowingly' was intended to mean when the statute was originally passed."[12] However, "such change

---

[10] See OCGA § 16-13-31 (e) (2012) (emphasis supplied).

[11] OCGA § 16-13-31 (e).

[12] *Scott v. State*, 295 Ga. 39, 41 (2) (757 SE2d 106) (2014) (discussing deletion of the word "knowingly" in OCGA § 16-13-31 (a) and the defendant's knowledge of the weight of cocaine found in his possession).

7

is consistent with legislative confirmation that proof of a defendant's knowledge of each element of the trafficking statute . . . was required in former versions of the statute, but that the General Assembly no longer intend[ed] that it be so."[13]

Because OCGA § 16-13-31 (e), the methamphetamine trafficking statute, was amended to delete the "knowingly" requirement, we find no error, much less clear or obvious error in the trial court's failure to sua sponte charge the jury on such a requirement.[14]

2. Duffie contends that trial counsel was ineffective in failing to request a jury instruction regarding knowledge of the chemical identity of the drug. Because this instruction was not warranted, as discussed in Division 1, supra, "any failure on the part of [Duffie's] trial counsel to request . . . its being given cannot constitute the

---

[13] Id.

[14] See *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2015) (discussing plain error standard of review). To the extent that Duffie contends that the trial court should have sua sponte instructed the jury on mistake of fact, this argument is without merit. See *Marlow v. State*, 339 Ga. App. 790, 798-799 (3) (a) (792 SE2d 712) (2016).

deficient performance necessary to satisfy the first prong of the ineffective assistance

of counsel test."[15] Accordingly, we need not examine the prejudice prong.[16]

*Judgment affirmed. Doyle, P. J., and Brown, J., concur.*

---

[15] *Browning v. State*, 283 Ga. 528, 530-531 (2) (a) (661 SE2d 552) (2008).

[16] See *Battles v. State*, 290 Ga. 226, 229 (2) (719 SE2d 423) (2011) ("If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, it is not incumbent upon the reviewing court to examine the other prong.").